UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

JOHN JAY HUMPHREY,

                           Plaintiff,

       v.                                 5:11-CV-938
                                        (GLS/ATB)

COURT CLERK FOR THE
US SUPREME COURT,

                           Defendant.

~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~~

JOHN JAY HUMPHREY
Plaintiff, pro se

ANDREW T. BAXTER, United States Magistrate Judge

## ORDER and REPORT-RECOMMENDATION

Plaintiff, John Jay Humphrey, has filed this civil action pursuant to *Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388 (1971), together with a motion to proceed *in forma pauperis*. (Dkt. Nos. 1, 2).  For the reasons below, this court will recommend dismissal with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## I.     *In Forma Pauperis* ("IFP") Application

A review of plaintiff's IFP application shows that he declares he is unable to pay the filing fee. (Dkt. No. 2).  This court agrees, and finds that plaintiff is financially eligible for IFP status.

In addition to determining whether plaintiff meets the financial criteria to proceed IFP, the court must also consider the sufficiency of the allegations set forth in the complaint in light of 28 U.S.C. § 1915, which provides that the court shall dismiss

the case at any time if the court determines that the action is (i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i) -(iii).

In determining whether an action is frivolous, the court must consider whether the complaint lacks an arguable basis in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Dismissal of frivolous actions is appropriate to prevent abuses of court process as well as to discourage the waste of judicial resources. *Neitzke*, 490 U.S. at 327; *Harkins v. Eldridge*, 505 F.2d 802, 804 (8th Cir. 1974). Although the court has a duty to show liberality toward *pro se* litigants, and must use extreme caution in ordering *sua sponte* dismissal of a *pro se* complaint before the adverse party has been served and has had an opportunity to respond, the court still has a responsibility to determine that a claim is not frivolous before permitting a plaintiff to proceed. *Fitzgerald v. First East Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (finding that a district court may dismiss a frivolous complaint *sua sponte* even when plaintiff has paid the filing fee).

To survive dismissal for failure to state a claim, the complaint must contain sufficient factual matter, accepted as true, to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Bell Atl. Corp.*, 550 U.S. at 555). The court will now turn to a consideration of the

plaintiff's complaint under the above standards.

## II.   Complaint

In this civil rights complaint, plaintiff begins by alleging that in June of 2002, the Onondaga County Sheriff's Department and Kimbrook Manor "conspired together to evict the plaintiff . . . without due process of law." (Compl. ¶ 1) (Dkt. No. 1). Plaintiff states that he filed an action against these entities in the Northern District of New York.[1] (Compl. ¶ 2).  Plaintiff's seems to state that the District Court was incorrect in dismissing the action, based on its alleged failure to "recognize" the Supreme Court's decision in *Monroe v. Pape*, 365 U.S. 167 (1961).[2] (Compl. ¶ 2). Plaintiff further claims that the Second Circuit was incorrect in affirming the dismissal for the same reason. (Compl. ¶ 2).

He attempted to appeal the Second Circuit's dismissal to the United States Supreme Court, but that the defendant Clerk of the Supreme Court denied plaintiff's May 18, 2011 motion "to have the court accept the writ the way it was." (Compl. ¶ 7). Plaintiff states that he is aware that Court Clerks have immunity, when they are acting in their "official capacities," but claims that this defendant was not acting in his

---

[1] Actually, plaintiff has filed a multitude of actions in this court, including three other actions against the Onondaga County Sheriff's Department and Kimbrook, alleging substantially identical claims. *See Humphrey v. Onondaga County Sheriff's Dep't*, 5:07-CV-1102 (N.D.N.Y. Nov. 16, 2007) (dismissed *sua sponte* as time-barred), *aff'd*, No. 07-5281 (2d Cir. March 12, 2008) (dismissed *sua sponte* as frivolous); *Humphrey v. Onondaga County Sheriff's Dep't*, 5:07-CV-721 (N.D.N.Y. July 20, 2007) (dismissed *sua sponte* as time-barred); *Humphrey v. Onondaga County Sheriff's Dep't.*, 02-CV-1524 (N.D.N.Y. Jan. 10, 2003) (dismissed *sua sponte* for failure to state a claim after court allowed an amendment), *aff'd*, No. 03-7220 (2d Cir. Jan. 25, 2005).

[2] Plaintiff misspelled the name of this case, "*Monroe v. Pap*," however, this court has cited the case using the proper spelling.

"official capacity" when he returned the motion and the writ to plaintiff. (Compl. ¶ 8).

Plaintiff states that the defendant "over stepped his bounds." *Id.* Plaintiff claims

that the question for the Supreme Court is whether mental instability tolls the statute

of limitations,[3] and that if defendant had done his job, the Supreme Court "may have

granted the writ." (Compl. ¶¶ 8-9).  Plaintiff claims that defendant made a decision

that should have been made by the Court itself. (Compl. ¶ 11).  Plaintiff's single cause

of action is that he was denied his right to petition the United States Supreme Court

because the defendant Clerk improperly rejected plaintiff's petition.  Plaintiff seeks

fifty million dollars in damages. (Compl. ¶ 7).

## III.   Venue/Absolute Immunity

Plaintiff is attempting to sue the Clerk of the Supreme Court in Washington,

D.C. for alleged constitutional violations under *Bivens*.  *Bivens* established a cause of

action for monetary damages resulting from the violation of a constitutional right by

federal agents or employees, acting under color of federal law. *Arar v. Ashcroft*, 585

F.3d 559, 571-72 (2d Cir. 2009) (discussing history of *Bivens* actions).  Venue in

federal-question cases is determined by 28 U.S.C. § 1391(b) which provides that

> A civil action wherein jurisdiction is not founded solely on
> diversity of citizenship may, except as otherwise provided by
> law, be brought only in (1) a judicial district where any
> defendant resides, if all defendants reside in the same State,
> (2) a judicial district in which a substantial part of the events
> or omissions giving rise to the claim occurred, ... or (3) a

---

[3] In his complaint, plaintiff alleges that he suffered hallucinations and heard voices. (Compl. ¶ 3).  Plaintiff claims that he had these mental problems from June of 2002 until April of 2011 and still has "relapses" from time to time. (Compl. ¶ 4).

> judicial district in which any defendant may be found, if
> there is no district in which the action may otherwise be
> brought.

When the defendants are officers or employees of the United States, acting in their

official capacities, section 1391(e) provides that venue is proper

> in any judicial district in which (1) a defendant in the action
> resides, (2) a substantial part of property that is the subject of
> the action is situated, or (3) the plaintiff resides if no real
> property is involved in the action.

28 U.S.C. § 1391(e).

    In this case, plaintiff has named the "Court Clerk for the US Supreme Court."

There is no indication, and it is highly unlikely, that this defendant resides, or may be

found, in the Northern District of New York.  Plaintiff has listed the defendant's

address as Washington, D.C. (Compl. ¶ 3).  Additionally, although plaintiff is

complaining about defendant's handling of a case that originated in the Northern

District of New York, he is suing the Clerk for his rejection of plaintiff's attempt to

file papers in the Supreme Court.  Defendant's actions were taken exclusively in

Washington, D.C.

    The only possible basis for venue in the Northern District of New York would

be if plaintiff were suing defendant in his "official capacity."  Then, under section

1391(e)(3), plaintiff could bring the action where he resides, as long as no real

property was involved in the action.  However, *Bivens* actions name defendants in

their "individual capacities," thus, plaintiff cannot rely on that part of section 1391.[4]

*See Arar v. Ashcroft*, 585 F.3d at 571 (A *Bivens* action is brought against individuals,

and any damages are payable by the offending officers). Thus, there is no basis for

plaintiff to bring his action in the Northern District of New York, and venue is

improper here, regardless of whether plaintiff happens to reside here.

Under 28 U.S.C. § 1406, a district court faced with a case brought "laying

venue in the wrong division or district, shall dismiss" or, in the interests of justice,

shall transfer the case to the district in which it could have been brought. 28 U.S.C.

§ 1406(a). The Second Circuit has cautioned that a court should not dismiss for

improper venue on its own motion "except in ***extraordinary circumstances***." *Stich v.*

*Rehnquist*, 982 F.2d 88, 89 (2d Cir. 1992) (emphasis added). This court finds,

however, that this plaintiff's case presents precisely those extraordinary circumstances

that justify *sua sponte* dismissal with prejudice because the action is frivolous and the

defendant has not been identified, and even if he or she were identified, the individual

would be entitled to absolute immunity.

Although plaintiff resides here, his complaint names an individual in

Washington, D.C., who apparently rejected papers that plaintiff was attempting to file

in the Supreme Court. This is not the first time that plaintiff has sued a "Clerk of the

Court." In 2008, plaintiff sued the "Court Clerk for the Second Circuit." *Humphrey v.*

---

[4] Plaintiff specifically states in the complaint that defendant was not acting in his "official capacity" when he or she rejected plaintiff's papers. (Compl. ¶ 7). Plaintiff may be making this statement in an effort to avoid the application of sovereign immunity, which is a different concept than an individual's immunity from suit.

*Court Clerk for the Second Circuit*, No. 5:08-CV-363, 2008 WL 1945308 (N.D.N.Y. May 1, 2008).  In dismissing that action, Judge David N. Hurd noted the "numerous actions" filed by plaintiff in this district. *Id.* at \*1 n.1 (citations omitted).  In 08-CV-363, plaintiff sued the "Court Clerk" because this unnamed individual improperly failed to communicate with plaintiff regarding the status of four of his appeals, allegedly hindering plaintiff's ability to petition the United States Supreme Court for writs of certiorari. *Id.* at \*1.

As in this case, plaintiff in 08-CV-363 failed to allege wrongdoing on the part of the individual who served as the Clerk of the Second Circuit, versus one or more of the individuals employed in the Clerk's Office. *Id.* at \*2.  It is well-settled that the named defendant must have been personally involved in the alleged constitutional violation of which plaintiff complains. *Id.* (citation omitted).  Because plaintiff was *pro se*, Judge Hurd also analyzed whether the complaint stated a claim, assuming that the defendant had been properly named. *Id.*

Judge Hurd ultimately found that, even if the Clerk had been identified and was personally involved in the alleged violation, the Court Clerk in the Second Circuit would have been entitled to absolute immunity. *Id.*  It is true that absolute immunity covers only some functions performed by the Clerk of the Court, and where the Clerk performs "'ministerial, non judicial duties,' or 'purely administrative tasks,' only qualified, good faith immunity attaches." *Id.* (citing *inter alia Isasi v. Heinemann*, No. 08-CV-5284, 2009 WL 159601, at \*2 (E.D.N.Y. Jan. 21, 2009)).

However, Clerks performing administrative functions will still be afforded

absolute immunity if the functions they are performing are "judicial in nature" and "an integral part of the judicial process." *Id.* (citing *Rodriguez v. Weprin*, 116 F.3d 62, 66 (2d Cir 1997)). In order to make this determination, the Second Circuit follows a "functional approach" and affords absolute immunity when the Clerk is performing a discretionary act, or performing a duty that inherently relates to resolving a dispute. *See, e.g., Rodriguez,* 116 F.3d at 67; *Reisner v. Stoller*, 51 F. Supp. 2d 430, 444 (S.D.N.Y. 1999) (citing *inter alia Kane v. Yung Won Han*, 550 F. Supp. 120, 123 (E.D.N.Y. 1982)).  A court clerk's control of the court docket is part of the court's function of resolving disputes. *Rodriguez,* 116 F.3d at 66-67 (citations omitted).

In this case, on December 14, 2009, the Supreme Court of the United States ordered that

> As petitioner has repeatedly abused this Court's process, the Clerk is directed not to accept any further petitions in noncriminal matters from petitioner unless the docketing fee required by Rule 38(a) is paid and petition submitted in compliance with Rule 33.1.

*Humphrey v. Onondaga County Sheriff's Dep't*, 130 S. Ct. 1018 (2009).  Although plaintiff in this case does not specify when he attempted to file his papers, it is clear that the Supreme Court itself ordered the Clerk to reject papers from plaintiff, unless plaintiff paid the fee, and the papers were in compliance with the appropriate rules. Thus, whatever action the Clerk of the Court took, he or she took it pursuant to an order of the Court.  In such a case, the Clerk would be entitled to absolute immunity

for his or her actions in handling plaintiff's papers.[5]  *See Humphrey v. Court Clerk*,

2008 WL 1945308, at *2 (court clerks enjoy absolute immunity even for

administrative tasks undertaken pursuant to the explicit direction of a judicial officer).

Because the defendant would be entitled to absolute immunity, this court recommends

dismissal with prejudice of plaintiff's action pursuant to 28 U.S.C. § 1915(e)(2)(b)(i)-

(iii).

WHEREFORE, based on the findings above, it is

ORDERED, that plaintiff's motion to proceed IFP (Dkt. No. 2) is **GRANTED**

**FOR PURPOSES OF FILING ONLY**, and it is

RECOMMENDED, that the complaint be **DISMISSED *SUA SPONTE***

**WITH PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), and it is

RECOMMENDED, that if the District Court adopts this recommendation, the

court further certify that any appeal from this matter would not be taken in good faith

pursuant to 28 U.S.C. § 1915(a)(3), and it is

ORDERED, that the Clerk of the Court serve a copy of this Order on plaintiff

in accordance with the Local Rules.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within

which to file written objections to the foregoing report.  Such objections shall be filed

---

[5] The court would also point out that although plaintiff claims that his original action was dismissed because the courts were not following *Monroe v. Pape*, a review of Judge Hurd's order in one of plaintiff's cases against the Onondaga County Sheriff's Department and Kimbrook Manor shows that the dismissal was based on the statute of limitations and Judge Hurd's finding that plaintiff's alleged "mental" status was insufficient for equitable tolling.  Now plaintiff claims that he had mental problems between 2002 and 2011, perhaps again attempting to argue that the statute of limitations should be excused for his condition. (See Compl. ¶¶ 4, 9, 13).

with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT**

**WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.**

*Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

Dated: August 11, 2011

_____
Hon. Andrew T. Baxter
U.S. Magistrate Judge

10