UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

JOHN JAY HUMPHREY,

                                  Plaintiff,

                                                                             5:11-CV-0938
v.                                                                     (GTS/ATB)

COURT CLERK FOR THE U.S. SUPREME COURT,

                                  Defendant.
_____

APPEARANCES:

JOHN JAY HUMPHREY
  Plaintiff, *Pro Se*
1030 Danforth Street, Apt. 3
Syracuse, New York 13208

HON. GLENN T. SUDDABY, United States District Judge

**DECISION and ORDER**

      Currently before the Court, in this *pro se* civil rights action filed by John Jay Humphrey ("Plaintiff") against the Clerk of the United States Supreme Court ("Defendant"), is United States Magistrate Judge Andrew T. Baxter's Order and Report-Recommendation recommending that Plaintiff's Complaint be *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). (Dkt. No. 4.)  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Plaintiff's Complaint is *sua sponte* dismissed in its entirety with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii); and Plaintiff is directed to show cause, within thirty (30) days of this Decision and Order, why this Court should not issue an Order barring him from filing any future *pro se* actions in this Court without first obtaining leave of the Court.

**I.        RELEVANT BACKGROUND**

    **A.        Plaintiff's Complaint**

On August 9, 2011, Plaintiff filed his Complaint in this action. (Dkt. No. 1.) Generally, construed with the utmost of liberality, Plaintiff's Complaint claims that Defendant violated his right to access the courts and/or due process of law under the First and/or Fourteenth Amendments when, acting outside of his official capacity on or about May 18, 2011, he usurped the Supreme Court Justices' exclusive authority by impermissibly denying Plaintiff's motion "to have the court accept [Plaintiff's] writ [of appeal from the Second Circuit's dismissal of his appeal] the way it was," and returning the motion and writ to Plaintiff. (*Id*. at ¶ 7, 8.) For a more detailed recitation of Plaintiff's claims and supporting factual allegations, the Court refers the reader to the Complaint in its entirety and to Magistrate Judge Baxter's Report-Recommendation. (Dkt. Nos. 1, 4.)

    **B.        Magistrate Judge Baxter's Report-Recommendation**

On August 12, 2011, Magistrate Judge Baxter issued an Order and Report-Recommendation granting Plaintiff's motion to proceed *in forma pauperis* and recommending that Plaintiff's Complaint be *sua sponte* dismissed in its entirety with prejudice, pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii), for the following three reasons: (1) frivolousness or maliciousness, (2) failure to state a claim upon which relief can be granted; and (3) seeking monetary relief against a defendant who is immune from such relief. (Dkt. No. 4.) More specifically, Magistrate Judge Baxter found that, according to Plaintiff's own factual allegations, Defendant is entitled to absolute immunity as a matter of law. (*Id*.)

### C. Plaintiff's Failure to File an Objection

The last two pages of Magistrate Judge Baxter's Report-Recommendation specifically advised Plaintiff of the deadline for filing written objections to the Report-Recommendation, and the consequences of failing to do so. (Dkt. No. 4.) Moreover, by the time the Report-Recommendation was issued (on August 11, 2011), Plaintiff had been sent copies of, *inter alia*, Local Rule of Practice 72.1(c) (which sets forth the procedure and deadline for filing Objections, and the consequences of failing to do so), and page 31 of the District's *Pro Se* Handbook (which contains similar information). (Dkt. No. 3, at 2.) In addition, at that time, Plaintiff had acquired considerable litigation experience objecting to report-recommendations in pro se civil rights action in federal courts. *See, infra*, Part III.B. of this Decision and Order.

Nonetheless, Plaintiff elected not to file an Objection to the Report-Recommendation. Instead, on September 2, 2011, Plaintiff filed a documented addressed to the Second Circuit and entitled "Notice of Appeal." (Dkt. No. 5.) Rather than describing the flaws that Plaintiff perceives in the Report-Recommendation, the document merely attaches a copy of the Report-Recommendation. (Dkt. No. 5, Attach. 2.) Because the document contains no specific criticism of Magistrate Judge Baxter's Report-Recommendation, the Court cannot, and does not, even liberally construe it as effectively constituting an Objection to that Report-Recommendation.

The Court notes that Plaintiff's appeal does not deprive the Court of jurisdiction, under the circumstances, given that it is untimely and manifestly defective appeal from a non-appealable order. *Nat'l Council of La Raza v. Dep't of Justice*, 345 F. Supp.2d 412, 413 (S.D.N.Y.2004), *aff'd*, 411 F.3d 350 (2d Cir. 2005); *cf. Doggett v. Douglas*, 95-CV-0013, 1997 WL 642431, at *5 (N.D.N.Y. Oct. 14, 1997) (Pooler, J.) ("The plaintiff improperly attempted to appeal the Order and Report-Recommendation to the Second Circuit Court of Appeals. . . . The

appeal was dismissed . . . because there was no final order from which to appeal. ").

## II.   APPLICABLE LEGAL STANDARDS

### A.   Standard of Review Governing a Report-Recommendation

When a *specific* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to a *de novo* review. Fed. R. Civ. P. 72(b)(2); 28 U.S.C. § 636(b)(1)(C). To be "specific," the objection must, with particularity, "identify [1] the portions of the proposed findings, recommendations, or report to which it has an objection and [2] the basis for the objection." N.D.N.Y. L.R. 72.1(c).[1] When performing such a *de novo* review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the magistrate judge in the first instance.[2]

---

[1] *See also Mario v. P&C Food Markets, Inc.*, 313 F.3d 758, 766 (2d Cir. 2002) ("Although Mario filed objections to the magistrate's report and recommendation, the statement with respect to his Title VII claim was not specific enough to preserve this claim for review. The only reference made to the Title VII claim was one sentence on the last page of his objections, where he stated that it was error to deny his motion on the Title VII claim '[f]or the reasons set forth in Plaintiff's Memorandum of Law in Support of Motion for Partial Summary Judgment.' This bare statement, devoid of any reference to specific findings or recommendations to which he objected and why, and unsupported by legal authority, was not sufficient to preserve the Title VII claim.").

[2] *See Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate"); *cf. U. S. v. Raddatz*, 447 U.S. 667, 676, n.3 (1980) ("We conclude that to construe § 636(b)(1) to require the district court to conduct a second hearing whenever either party objected to the magistrate's credibility findings would largely frustrate the plain objective of Congress to alleviate the

When only a *general* objection is made to a portion of a magistrate judge's report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b)(2),(3); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition.[3] Similarly, when an objection merely reiterates the *same arguments* made by the objecting party in its original papers submitted to the magistrate judge, the Court subjects that portion of the report-recommendation challenged by those arguments to only a *clear error* review.[4] Finally, when *no* objection is made to a portion of a report-recommendation, the Court subjects that portion of the report-recommendation to only a *clear error* review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*[5]

---

increasing congestion of litigation in the district courts."); Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition ("The term 'de novo' does not indicate that a secondary evidentiary hearing is required.").

[3] *See also Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).

[4] *See Mario*, 313 F.3d at 766 ("Merely referring the court to previously filed papers or arguments does not constitute an adequate objection under either Fed. R. Civ. P. 72(b) or Local Civil Rule 72.3(a)(3)."); *Camardo v. Gen. Motors Hourly-Rate Emp. Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

[5] *See also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks and citations omitted).

After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

### B. Legal Authority Permitting Court to *Sua Sponte* Review Plaintiff's Complaint Under the Circumstances

Under the circumstances, the Court's authority to *sua sponte* review Plaintiffs' Complaint stems from three separate sources. (1) Fed. R. Civ. P. 12(h)(3), which provides that "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss that action";[6] (2) 28 U.S.C. § 1915(e)(2)(B), which provides that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that–. . . the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief"; and (3) the Court's inherent power to manage its docket.

With regard to the second of the three above-described authorities, the Court notes that the dismissal of an action as duplicative has been found to fall within the ambit of the Court's power to dismiss a complaint which is frivolous or malicious pursuant to 28 U.S.C. § 1915(e).[7]

---

[6] *See also McGinty v. N.Y.*, 251 F.3d 84, 90 (2d Cir. 2001) ("Whether a federal court has subject matter jurisdiction is a question that may be raised at any time . . . by the court *sua sponte*.") (internal quotation marks omitted); *United Food & Commercial Workers Union v. CenterMark Prop. Meriden Square, Inc.,* 30 F.3d 298, 301 (2d Cir. 1994) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte,* at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction.").

[7] *See Bailey v. Johnson,* 846 F.2d 1019, 1021 (5th Cir. 1988) (holding that a complaint that repeats pending or previously litigated claims "may be considered abusive" and dismissed under the authority of Section 1915[e]); *Buckenberger v. Reed*, 10-CV-0856, 2010 WL 1552672, at *1 (E.D. La. Mar. 16, 2010) (recommending dismissal of complaint asserting claims which were duplicative of those in a pending action as "malicious"); *Smith v. Ferrell*, 09-CV-0466, 2010 WL 653798, at *2-3 (S.D. Ala. Feb. 18, 2010) (dismissing action because claims were duplicative of those in another pending action); *Williams v. Bunn*, 06-CV-0466, 2007 WL

With regard to the third of the three above-described authorities, it is well settled that a district court has the power to *sua sponte* dismiss *pro se* complaint based on frivolousness. *See, e.g., Fitzgerald v. First E. Seventh St. Tenants Corp.*, 221 F.3d 362, 363 (2d Cir. 2000) (recognizing that district court has power to *sua sponte* dismiss *pro se* complaint based on frivolousness notwithstanding fact that plaintiff has paid statutory filing fee). It is also is well settled that "[a]s part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit." *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000); *see also Colo. River Water Conservation Dist. v. United States,* 424 U.S. 800, 817 (1976) ("As between federal district courts, . . . though no precise rule has evolved, the general principle is to avoid duplicative litigation."). The power to dismiss a duplicative lawsuit is meant to foster judicial economy and the "comprehensive disposition of litigation." *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).[8] The doctrine is also meant to protect parties from "the vexation of concurrent litigation over the same

---

1703816, at *2 (W.D.N.Y. Jun. 7, 2007) (dismissing "religious claim" with prejudice because it was "repetitive of a claim twice brought previously and dismissed for plaintiff's failure to serve); *Hahn v. Tarnow*, 06-CV-12814, 2006 WL 2160934, at *1 (E.D. Mich. July 31, 2006) (dismissing complaint as "repetitive, malicious and frivolous, and duplicative"); *Blake v. Bentsen*, 95-CV-2227, 1995 WL 428694, at *2 (E.D.N.Y. Jul. 11, 1995) (dismissing "repetitious litigation" as abusive and malicious); *Denton v. Hernandez*, 504 U.S. 25, 30 (1992) (recognizing Congress's concern in 28 U.S.C. § 1915 that "a litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits.").

[8]     The Second Circuit affirmed the dismissal of an action which "substantially duplicate[d]" the conspiracy claim asserted in a prior action, notwithstanding the fact that the the conspiracy claim in the first action was dismissed as insufficiently pleaded and plaintiff was afforded an opportunity to amend, because "[plaintiff's] recourse is to appeal that decision after judgment is entered in that case, not to file a duplicative second complaint." *Brown v. Plansky*, 24 F. App'x 26, 28 (2d Cir. 2001).

subject matter." *Adam v. Jacob,* 950 F.2d 89, 93 (2d Cir. 1991).[9]

### III. ANALYSIS

#### A. Review of Report-Recommendation

Because Plaintiff failed to file an Objection to Magistrate Judge Baxter's Report-Recommendation, the Court need review Magistrate Judge Baxter's Report-Recommendation only for clear error. After carefully reviewing all of the papers in this action, including Magistrate Judge Baxter's Report-Recommendation, the Court concludes that the Report-Recommendation is thorough, well-reasoned and correct. Magistrate Judge Baxter employed the proper legal standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Court adopts the Report-Recommendation for the reasons stated therein.

The Court would add only the following four points. First, the Report-Recommendation would survive even a *de novo* review. Second, this action is dismissed on the alternative ground that it is duplicative of another action filed by Plaintiff, causing a waste of judicial resources, and an abuse of the judicial system.[10] Third, and finally the Court finds it inappropriate to either *sua sponte* grant Plaintiffs leave to amend his Complaint before dismissing it or dismiss his Complaint only without prejudice, because the pleading defects in Plaintiff's Complaint are

---

[9] The rule against duplicative litigation is distinct from, but related to, the doctrine of claim preclusion or *res judicata*, and the two doctrines serve some of the same policies. As the Supreme Court stated over 100 years ago in *United States v. The Haytian Republic,* 154 U.S. 118 (1894), "[T]he true test of the sufficiency of a plea of 'other suit pending' in another forum [i]s the legal efficacy of the first suit, when finally disposed of, as 'the thing adjudged,' regarding the matters at issue in the second suit." *Id.* at 124.

[10] More specifically, on December 30, 2011, Plaintiff filed a complaint in the Eastern District of Virginia that was virtually identical to the Complaint he filed in this action. *See Humphrey v. Court Clerk of U.S. Supreme Court*, 11-CV-1411, Complaint (E.D. Va. filed Dec. 30, 2011). On January 4, 2012, that complaint was *sua sponte* dismissed without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(i)-(ii). *See Humphrey v. Court Clerk of U.S. Supreme Court*, 11-CV-1411, Order (E.D. Va. filed Jan. 4, 2012) (Trenga, J.).

substantive rather than formal,[11] and Plaintiff has engaged in vexatious litigation practices by filing duplicative lawsuits.

B.  **Appropriateness of Bar Order**

A review of Plaintiff's litigation history on Federal Judiciary's Public Access to Court Electronic Records ("PACER") Service reveals that, before filing the current action on August 9, 2011, he filed 19 *pro se* civil rights actions in this District alone.[12] Seventeen of those 19 actions

---

[11]  For example, lack of subject-matter jurisdiction is a substantive defect. *See U.S. ex rel. Phipps v. Comprehensive Comty. Dev. Corp.*, 152 F. Supp.2d 443, 455 (S.D.N.Y. 2001) ("[I]t is not appropriate to grant Phipps's request [for leave to amend the Complaint] because the Court has determined that it does not have subject matter jurisdiction over this action."); *Chan v. Reno*, 916 F. Supp. 1289, 1302 (S.D.N.Y. 1996) ("An amendment is considered futile if the amended pleading fails to state a claim or would be subject to a successful motion to dismiss on some other basis. As will be discussed herein, [the proposed amended complaint] . . . presents a non-justiciable claim and fails to present this Court with subject matter jurisdiction. Therefore, because [the proposed amended complaint] would be subject to a successful motion to dismiss . . ., amendment would be futile."); *Grace v. Rosenstock*, 228 F.3d 40, 53 (2d Cir. 2000) ("Amendment would likely be futile if. . . the claims the plaintiff sought to add would be barred by the applicable statute of limitations."); *accord, In re WorldCom, Inc. Securities Litigation*, 303 F. Supp.2d 385, 390 (S.D.N.Y. 2004). Where the defects in a pleading are substantive rather than merely formal, it is not necessary to grant leave to amend before dismissal. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (finding that denial of leave to amend is not abuse of discretion where amendment would be futile); *Ruffolo v. Oppenheimer & Co.*, 987 F.2d 129, 131 (2d Cir. 1993) ("Where it appears that granting leave to amend is unlikely to be productive, . . . it is not an abuse of discretion to deny leave to amend.") (citations omitted); *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) ("The problem with Cuoco's causes of action is substantive; better pleading will not cure it. Repleading would thus be futile. Such a futile request to replead should be denied.") (citation omitted); *Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("Of course, where a plaintiff is unable to allege any fact sufficient to support its claim, a complaint should be dismissed with prejudice.") (citation omitted); *Health-Chem Corp. v. Baker*, 915 F.2d 805, 810 (2d Cir.1990) ("[W]here . . . there is no merit in the proposed amendments, leave to amend should be denied"); *Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *1 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) ("[T]he court need not grant leave to amend where it appears that amendment would prove to be unproductive or futile.").

[12]  *See Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 09-CV-1438, Complaint (N.D.N.Y. filed Dec. 28, 2009); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 09-CV-0247, Complaint (N.D.N.Y. filed March 2, 2009); *Humphrey v. IRS*, 08-CV-0877, Complaint (N.D.N.Y. filed Aug. 18, 2008); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 08-CV-0753, Complaint (N.D.N.Y. filed July 14, 2008); *Humphrey v. Court Clerk for the Second Circuit*, 08-

have resulted in a dismissal for failure to state a claim or frivolousness.[13]  For example, three of the 17 cases were against the state or federal government or one of their agencies.[14]  Four were

---

CV-0363, Complaint (N.D.N.Y. filed Apr. 2, 2008); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 07-CV-1102, Complaint (N.D.N.Y. filed Oct. 17, 2007); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 07-CV-0721, Complaint (N.D.N.Y. filed July 11, 2007); *Humphrey v. Two Unknown Fed. Empl.*, 06-CV-0786, Complaint (N.D.N.Y. filed June 23, 2006); *Humphrey v. Weichert*, 05-CV-1205, Complaint (N.D.N.Y. filed Sept. 23, 2005); *Humphrey v. Court Clerk, NDNY*, 05-CV-1159, Complaint (N.D.N.Y. filed Sept. 14, 2005); *Humphrey v. Styers*, 05-CV-1036, Complaint (N.D.N.Y. filed Aug. 16, 2005); *Humphrey v. Onondaga Cnty. Dep't of Soc. Servs.*, 05-CV-0987, Complaint (N.D.N.Y. filed Aug. 4, 2005); *Humphrey v. Rescue Mission*, 05-CV-0986, Complaint (N.D.N.Y. filed Aug. 4, 2005); *Humphrey v. Rescue Mission*, 05-CV-0795, Complaint (N.D.N.Y. filed June 27, 2005); *Humphrey v. WIXT News Channel 9*, 05-CV-0636, Complaint (N.D.N.Y. filed May 20, 2005); *Humphrey v. Carni*, 05-CV-0253, Complaint (N.D.N.Y. filed Feb. 28, 2005); *Humphrey v. US Gov't*, 04-CV-0145, Complaint (N.D.N.Y. filed Feb. 10, 2004); *Humphrey v. State of New York*, 03-CV-1181, Complaint (N.D.N.Y. filed Sept. 24, 2003); *Humphrey v. Onondaga Cnty. Sheriff*, 02-CV-1524, Complaint (N.D.N.Y. filed Dec. 9, 2002).

[13]  *See Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 09-CV-1438, Decision and Order (N.D.N.Y. filed Sept. 21, 2010) (Hurd, J.); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 09-CV-0247, Decision and Order (N.D.N.Y. filed May 20, 2009) (McCurn, J.); *Humphrey v. IRS*, 08-CV-0877, Order (N.D.N.Y. filed Dec. 1, 2008) (McCurn, J.); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 08-CV-0753, Decision and Order (N.D.N.Y. filed July 21, 2008) (Hurd, J.); *Humphrey v. Court Clerk for the Second Circuit*, 08-CV-0363, Decision and Order (N.D.N.Y. filed May 1, 2008) (Hurd, J.); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 07-CV-1102, Decision and Order (N.D.N.Y. filed Nov. 16, 2007) (Hurd, J.); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 07-CV-0721, Decision and Order (N.D.N.Y. filed July 20, 2007) (Hurd, J.); *Humphrey v. Two Unknown Fed. Employees*, 06-CV-0786, Decision and Order (N.D.N.Y. filed Dec. 1, 2006) (Mordue, J.); *Humphrey v. Styers*, 05-CV-1036, Memorandum-Decision and Order (N.D.N.Y. filed Nov. 22, 2005) (Scullin, J.); *Humphrey v. Weichert*, 05-CV-1205, Decision and Order (N.D.N.Y. filed Nov. 22, 2005) (Mordue, J.); *Humphrey v. NDNY Court Clerk,* 05-CV-1159, Decision and Order (N.D.N.Y. filed Oct. 7, 2005) (Mordue, J.); *Humphrey v. Rescue Mission*, 05-CV-0986, Decision and Order (N.D.N.Y. filed Sept. 30, 2005) (Scullin, J.); *Humphrey v. Rescue Mission*, 05-CV-0795, Decision and Order (N.D.N.Y. filed July 14, 2005) (Mordue, J.); *Humphrey v. Carni*, 05-CV-0253, Order (N.D.N.Y. filed March 22, 2005) (Scullin, J.); *Humphrey v. US Gov't*, 04-CV-0145, Decision and Order (N.D.N.Y. filed May 10, 2004) (Munson, J.); *Humphrey v. State of New York*, 03-CV-1181, Order (N.D.N.Y. filed Feb. 23, 2004) (Munson, J.); *Humphrey v. Onondaga Cnty. Sheriff*, 02-CV-1524, Decision and Conditional Order of Dismissal (N.D.N.Y. filed Dec. 13, 2002) (McCurn, J.).

[14]  *See Humphrey v. IRS*, 08-CV-0877, Complaint (N.D.N.Y. filed Aug. 18, 2008); *Humphrey v. US Gov't*, 04-CV-0145, Complaint (N.D.N.Y. filed Feb. 10, 2004); *Humphrey v. State of New York*, 03-CV-1181, Complaint (N.D.N.Y. filed Sept. 24, 2003).

against judges or court employees.[15] Six were duplicative in nature (asserting claims arising from similar factual allegations against the same two defendants).[16] Although the Court's decision clearly explained the errors in Plaintiff's claims, he often repeated those errors (e.g., asserting 42 U.S.C. § 1983 claims against individuals with no plausible connection to the state). Moreover, although several of the Court's decisions advised Plaintiff that "an appeal of the matter would not be taken in good faith," Plaintiff nonetheless filed an appeal from each of those decisions. Not surprisingly, in all 16 of the actions in which Plaintiff appealed this Court's decisions to the Second Circuit, the Second Circuit dismissed Plaintiff's appeals (nine times on the grounds of frivolousness).[17] Partially because of that fact, the Second Circuit issued a

---

[15] *See Humphrey v. Court Clerk for the Second Circuit*, 08-CV-0363, Complaint (N.D.N.Y. filed Apr. 2, 2008); *Humphrey v. Two Unknown Fed. Empl.*, 06-CV-0786, Complaint (N.D.N.Y. filed June 23, 2006); *Humphrey v. NDNY Court Clerk,* 05-CV-1159, Complaint (N.D.N.Y. filed Sept. 14, 2005); *Humphrey v. Carni*, 05-CV-0253, Complaint (N.D.N.Y. filed Feb. 28, 2005).

[16] *See, e.g.*, *Humphrey v. Onondaga Cnty. Sheriff's Dept.,* 09-CV-0247, Complaint (N.D.N.Y. filed March 2, 2009); *Humphrey v. Onondaga Cnty. Sheriff's Dept.,* 09-CV-1438, Complaint (N.D.N.Y. filed Dec. 28, 2009); *Humphrey v. Onondaga Cnty. Sheriff's Dept.,* 08-CV-0753, Complaint (N.D.N.Y. filed July 14, 2008); *Humphrey v. Onondaga Cnty. Sheriff's Dept.,* 07-CV-1102, Complaint (N.D.N.Y. filed Oct. 17, 2007); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, 07-CV-0721, Complaint (N.D.N.Y. filed July 11, 2007); *Humphrey v. Onondaga Cnty. Sheriff*, 02-CV-1524, Complaint (N.D.N.Y. filed Dec. 9, 2002).

[17] *See Humphrey v. Onondaga Cnty. Sheriff's Dept*, No. 10-2277, Mandate (2d. Cir. filed Nov. 16, 2010); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, No. 09-2240, Mandate (2d Cir. filed Aug. 28, 2009) (frivolousness); *Humphrey v. IRS*, No. 08-6139, Mandate (2d Cir. July 27, 2009) (frivolousness); *Humphrey v. Court Clerk for the Second Circuit*, No. 08-2359, Mandate (2d Cir. filed March 3, 2009) (frivolousness); *Humphrey v. Onondaga Cnty. Sheriff's Dep't,* No. 08-3762, Mandate (2d Cir. filed Oct. 17, 2008) (frivolousness); *Humphrey v. Onondaga Cnty. Dep't of Soc. Servs.*, No. 08-1797, Mandate (2d Cir. filed June 3, 2008); *Humphrey v. Onondaga Cnty. Sheriff's Dep't*, No. 07-5281, Mandate (2d Cir. filed March 12, 2008) (frivolousness); *Humphrey v. WIXT News Channel 9*, No. 05-4122, Mandate (2d Cir. filed Apr. 20, 2007); *Humphrey v. Two Unknown Fed. Employees*, No. 07-0631, Mandate (2d Cir. Apr. 18, 2007); *Humphrey v. Weichert*, No. 05-6846, Mandate (2d Cir. Apr. 10, 2007); *Humphrey v. Styers*, No. 05-6695, Mandate (2d Cir. May 1, 2006) (frivolousness); *Humphrey v. Rescue Mission*, No. 05-4088, Mandate (2d Cir. Nov. 10, 2005) (frivolousness); *Humphrey v. US*

Mandate on April 25, 2011, barring Plaintiff from bringing further actions against "Defendants Onondaga County Sheriff's Department, Kimbrook Manor, or the 2002 events giving rise to Appellant's claims" unless first obtaining leave of the Court.[18]

Based on this litigation history (and the fact that Plaintiff recently filed a complaint in the Eastern District of Virginia that was virtually identical to the Complaint he filed in this action),[19] the Court finds that (1) Plaintiff lacks a good-faith expectation in prevailing in his lawsuits, (2) he has proven himself to be vexatious and indeed incorrigible when proceeding pro se, (3) he has caused needless expense to other parties and placed an unnecessary burden on the Court and its personnel, and (4) he has demonstrated that no lesser sanctions (e.g., such as dismissal or chastisement) would be adequate to protect the Court and other parties.

Under such circumstances, a federal district court may impose reasonable filing restrictions on a *pro se* litigant in that particular court, pursuant to 28 U.S.C. § 1651(a) and its inherent authority to control and manage its own docket so as to prevent abuse in its proceedings. For example, a federal district court may, after providing an appropriate opportunity to be heard, prohibit a vexatious litigant from filing, in that particular court, any action *pro se* (that is, without counsel), without prior leave of that court. *See Hong Mai Sa v. Doe,* 406 F.3d 155, 158 (2d Cir. 2005) ("If a litigant has a history of filing vexatious, harassing or duplicative lawsuits, courts may impose sanctions, including restrictions on future access to

---

*Gov't*, No. 04-2825, Summary Order (2d Cir. filed Sept. 26, 2005) (frivolousness); *Humphrey v. Carni*, No. 05-1583, Mandate (N.D.N.Y. filed June 2, 2005) (frivolousness); *Humphrey v. Onondaga Cnty. Sheriff*, No. 03-7220, Summary Order (N.D.N.Y. filed Jan. 25, 2005); *Humphrey v. State of NY*, No. 04-1247, Mandate (2d Cir. filed Sept. 13, 2004).

    [18]    *Humphrey v. Onondaga Cnty. Sheriff's Dept*, No. 10-3979, Mandate (2d. Cir. filed Apr. 25, 2011).

    [19]    *See, supra*, note 10 of this Decision and Order.

the judicial system.") [internal quotations and citations omitted]; *In re Sassower*, 20 F.3d 42, 44 (2d Cir. 1994) (where a *pro se* plaintiff has demonstrated a "clear pattern of abusing the litigation process by filing vexatious and frivolous complaints," a "leave to file" requirement may be instituted by the court as an appropriate sanction); *Moates v. Barkley*, 147 F.3d 207, 208 (2d Cir. 1998) ("[T]he district court may not impose a filing injunction on a litigant *sua sponte* without providing the litigant with notice and an opportunity to be heard."); *Azubuko v. Unknown Boston Police Officers*, 08-CV-0330, 2008 WL 1767067, at *1 (N.D.N.Y. Apr. 16, 2008) (McCurn, J.).

Because of his history of filing vexatious, harassing or duplicative lawsuits, Plaintiff is hereby warned that the Court will not tolerate the filing of frivolous actions by him in the future. As a result, he is directed to show cause, within thirty (30) days, why this Court should not issue an Order barring him from filing any future *pro se* actions without first obtaining leave of the Court. In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this Court, any action *pro se* (that is, without counsel), without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Baxter's Report-Recommendation (Dkt. No. 4) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Plaintiff's Complaint (Dkt. No. 2) is *sua sponte* **DISMISSED** in its entirety **with prejudice**; and it is further

**ORDERED** that **Plaintiff is hereby directed to show cause, within thirty (30) days of this Decision and Order, why this Court should not issue an Order barring him from filing**

**any future *pro se* actions in this Court without first obtaining leave of the Court.  In the event that Plaintiff fails to show such cause, he will be prohibited from filing, in this Court, any action *pro se* (that is, without counsel) without prior leave of the Court, pursuant to 28 U.S.C. § 1651(a) and the Court's inherent authority to control and manage its own docket so as to prevent abuse in its proceedings.**

The Clerk of the Court is directed to enter judgment in favor of Defendant and close this case.

The Court hereby certifies, for purposes of 28 U.S.C. § 1915(a) (3), that any appeal taken from this Decision and Order would not be taken in good faith.

Dated: January 30, 2012
       Syracuse, New York

_____
Hon. Glenn T. Suddaby
U.S. District Judge